ELIZABETHA F. TUNISON, Respondent, *v.* BUFFALO AND LAKE ERIE TRACTION COMPANY, Defendant, Impleaded with GEORGE BULLOCK, as Receiver of BUFFALO AND LAKE ERIE TRACTION COMPANY, Appellant.

Fourth Department, January 11, 1924.

Railroads — action to recover for personal injuries suffered in collision of trains — verdict for plaintiff not excessive — act of plaintiff in asking witness to testify falsely as to damages condemned — plaintiff's act not ground for new trial, since all facts were before jury.

In an action to recover damages for personal injuries suffered by the plaintiff in a collision of defendant's trains, on one of which she was a passenger, the verdict of $5,000 in favor of the plaintiff is not excessive.

The act of the plaintiff in writing a letter to one of her witnesses, requesting the witness to testify falsely in regard to the nature and extent of plaintiff's injuries, is condemned and would justify the granting of a new trial, were it not for the fact that the letter and all facts connected with it were before the jury.

APPEAL by the defendant, George Bullock, as receiver, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 2d day of June, 1923, upon the verdict of a jury for $5,000, also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the same day retaxing the plaintiff's costs.

*Kenefick, Cooke, Mitchell & Bass* [*Fritz Fernow* of counsel], for the appellant.

*Wilcox & Van Allen* [*Philip A. Laing* of counsel], for the respondent.

PER CURIAM:

One of the defendant's cars in which plaintiff was a passenger collided with another car owned and operated by the defendant. As a result of the collision the plaintiff suffered injuries for which she has recovered a verdict of $5,000. The defendant admitted liability and the only question litigated upon the trial was the amount of damages to be recovered.

We are asked to reverse the judgment in favor of the plaintiff upon the ground that the recovery is excessive. We do not think that we can say that the verdict was excessive or against the weight of the evidence, and we would be content to affirm without an opinion were it not for the conduct of the plaintiff in writing a certain letter to one of her witnesses. In that letter the plaintiff in effect asked the witness to testify falsely in regard to the nature and extent of her injuries. We cannot overlook such conduct without comment. If it had been discovered after the trial it would undoubtedly have constituted ground for granting a new trial. The letter, however, and all the facts connected with it were before the jury and nothing new in regard to it can be presented upon another trial. The conduct of the plaintiff in writing the letter, if her act was deliberate, was most reprehensible and subject to the most severe condemnation. It was written over three years after plaintiff's injuries. The evidence discloses that during that period she was in a highly nervous condition. One of the physicians testified that she was a nervous wreck; that she cried a large portion of the time, and could not sleep well. The most charitable view that can be taken of her conduct in writing

the letter is that she was not fully accountable for her act. It is apparent that the letter was written without the knowledge of her attorney and under the circumstances may be treated as an irresponsible act.

All concur.

Judgment and order affirmed, with costs.